**Electronically Filed
Intermediate Court of Appeals
30324
30-APR-2012
01:26 PM**

NO. 30324

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee
v.
ATMARAMA D. DIAZ, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CR. CASE NOS. 1P104-11530 and 1P105-18336)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Atmarama D. Diaz (Diaz) appeals
from the District Court of the First Circuit's (district court)
Findings of Fact and Conclusions of Law and Order, filed
March 16, 2007 (March 16, 2007 Order); Order Denying in Part and
Granting in Part Defendant[']s Motion to Set Aside Bail
Forfeiture and For Return of Bail, filed January 15, 2010
(January 15, 2010 Order); and Bail Forfeiture Judgment, entered
on January 15, 2010 (January 15, 2010 Forfeiture Judgment).[1]

On appeal, Diaz argues that the district court erred
by: (1) determining in the March 16, 2007 Order that Diaz's
motion to set aside bail forfeiture filed on October 25, 2006 was
untimely pursuant to Hawaii Revised Statutes (HRS) § 804-51

_____

[1] The Honorable Gerald H. Kibe presided.

(Supp. 2011); (2) concluding in the March 16, 2007 Order that Diaz had not met his burden in establishing requisite good cause as to why the forfeiture in this case should be set aside; (3) denying Diaz's November 27, 2009 motion to set aside bail forfeiture and for return of bail; and (4) entering a bail forfeiture judgment against Diaz.

As a threshold matter, we must consider our appellate jurisdiction in this case.  We conclude that we have jurisdiction with respect to Diaz's appeal from the district court's January 15, 2010 Order, and as a result may also consider the January 15, 2010 Forfeiture Judgment.  However, we do not have jurisdiction as to the appeal from the March 16, 2007 Order.

On August 9, 2004, the district court issued a bail forfeiture judgment with respect to the $1,000 cash bail that Diaz had posted (August 9, 2004 Forfeiture Judgment).  However, there is nothing in the record showing that Diaz was ever served with the August 9, 2004 Forfeiture *Judgment*.[2]  Apparently after the criminal charges were dismissed and he unsuccessfully sought repayment of his $1,000 bail, Diaz filed a Motion to Set Aside Bail Forfeiture and Refund Bail on October 25, 2006 (October 25, 2006 motion).  The district court then filed its March 16, 2007 Order denying Diaz's motion.[3]  Diaz appealed from the March 16, 2007 Order, but this court dismissed that appeal for lack of appellate jurisdiction because the August 9, 2004 Forfeiture

---

[2]  Although there are indications in the record that Diaz and his counsel were aware of a forfeiture by the district court (apparently through a bench warrant that stated the bail had been "declared forfeited"), issuance of a forfeiture *judgment* and notice of the judgment is a materially different matter in that it is a judgment that may be executed upon and the bail money then taken by the State.  See HRS § 804-51 (Supp. 2011).

[3]  The March 16, 2007 Order is the first document that references a *judgment* of forfeiture.  The judgment, however, was not in the record in the first appeal.

Judgment was not contained in the record on appeal.[4]  <u>State v. Diaz</u>, No. 28539, 2009 WL 3290249 (Haw. App. Oct. 13, 2009).

On November 27, 2009, after dismissal of the first appeal, Diaz filed a second Motion to Set Aside Bail Forfeiture and For Return of Bail (November 27, 2009 motion). Thereafter, the district court issued its January 15, 2010 Order denying the November 27, 2009 motion, as well as a second Bail Forfeiture Judgment (January 15, 2010 Forfeiture Judgment).

On February 1, 2010, Diaz filed a notice of appeal, seeking to appeal from the district court's March 16, 2007 Order, the January 15, 2010 Forfeiture Judgment, and the January 15, 2010 Order.

We do not have jurisdiction over Diaz's appeal from the district court's March 16, 2007 Order because, for purposes of this appeal, Diaz did not file his February 1, 2010 notice of appeal within thirty days after entry of the March 16, 2007 Order.[5]  We therefore dismiss the appeal for lack of appellate jurisdiction to the extent appeal was sought from the March 16, 2007 Order.

As mentioned above, however, we have jurisdiction over Diaz's appeal from the district court's January 15, 2010 Order. As explained in <u>State v. Camara</u>, 81 Hawai'i 324, 329, 916 P.2d 1225, 1230 (1996), pursuant to the statute authorizing an appeal from a bail forfeiture proceeding, HRS § 804-51, "the appealable event is the order denying the motion to set aside the judgment of forfeiture."  Because the January 15, 2010 Order was an

---

[4]  The August 9, 2004 Forfeiture Judgment was supplemented into the record on appeal for the instant appeal.

[5]  With respect to the timeliness of Diaz's appeal, "HRAP [Rule] 4(a), as opposed to HRAP [Rule] 4(b), applies because forfeiture of a [bail] bond is a civil proceeding."  <u>State v. Camara</u>, 81 Hawai'i 324, 329 n.7, 916 P.2d 1225, 1230 n.7 (1996) (citation omitted). HRAP Rule 4(a) states that "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."

"appealable event" pursuant to Camara, and Diaz's February 1, 2010 notice of appeal was filed within thirty days after entry of the January 15, 2010 Order, we have jurisdiction to address Diaz's appeal from that Order.  We consider the January 15, 2010 Forfeiture Judgment to the extent it is related to the appeal from the January 15, 2010 Order.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Diaz's third and fourth points of error related to his appeal from the January 15, 2010 Order as follows:

(1) The parties dispute whether Diaz filed a timely motion to set aside the bail forfeiture.  Plaintiff-Appellee State of Hawaiʻi (State) contends that Diaz had notice of the forfeiture, generally, that had occurred in August 2004, and thus his motions to set aside the forfeiture were untimely.  As noted above, there is nothing in the record to show that Diaz was served with the August 9, 2004 Forfeiture *Judgment*.  HRS § 804-51 provides:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court.  If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other

4

event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

Diaz posted his own cash bail of $1,000 and is thus not a "surety"[6] under HRS § 804-51. Although it is unclear whether the methods of notice required in HRS § 804-51 would apply to a defendant that posts his or her own bail, it appears at a minimum that some type of notice of the *judgment* was required, and that the defendant would then have thirty days to file a motion or application showing good cause why execution should not issue upon the judgment. See Tierney v. District Court, No. 29355, 2008 WL 4559829 (Haw. Oct. 6, 2008) (holding that a petitioner who posted cash bail in a criminal action was entitled to a district court hearing on his motion to return bail because his motion was filed within thirty days after the petitioner received the district court's notice of the forfeiture judgment).[7]

Here, given the unusual procedural history in this case, we determine that Diaz's November 27, 2009 motion was

---

[6] Black's Law Dictionary defines "surety" as "[a] person who is primarily liable for paying another's debt or performing another's obligation." Black's Law Dictionary 1579 (9th ed. 2009) (emphasis added).

[7] When HRS § 804-51 was enacted in 1933, it contained no notice provision, but rather, it stayed the execution on a forfeiture judgment with respect to "any bond or recognizance given in a criminal cause" for ten days, allowing either the principal(s) or surety(ies) to show good cause as to why execution should not issue upon such a judgment of forfeiture. 1933 Haw. Sess. Laws Act 17, § 1 at 12; see also H. Stand. Comm. Rep. No. 87, in 1933 House Journal, at 397. In 1989, the legislature amended HRS § 804-51 for the purpose of "expand[ing] the protections afforded to sureties in the event of the forfeiture of a bail bond or recognizance." Conf. Comm. Rep. No. 165, in 1989 Senate Journal, at 837 (emphasis added). The amendment gave "surety or sureties on the bond" thirty days from the date "that notice is given via certified mail, return receipt requested" before execution can issue on a forfeiture judgment. 1989 Haw. Sess. Laws Act 289, § 1 at 643. In 2002, HRS § 804-51 was amended in order to allow for the use of personal service (in addition to the existing method of certified mail) as a means of notifying the surety or sureties of the forfeiture judgment. 2002 Haw. Sess. Laws Act 10, § 1 at 56-57.

timely. The only evidence in the record showing that Diaz or his counsel ever received notice of the August 9, 2004 Forfeiture *Judgment* was a reference in the March 16, 2007 Order from which Diaz took the first appeal and which appeal was then dismissed because the August 9, 2004 Forfeiture Judgment was *not* in the record.[8] Diaz thereafter filed his November 27, 2009 motion to set aside bail forfeiture and also asked the district court to enter a judgment of forfeiture.

Diaz's November 27, 2009 motion was also timely vis-a-vis the January 15, 2010 Forfeiture Judgment. That is, under the peculiar circumstances of this case, the motion requested, and therefore was filed *before*, the entry of the January 15, 2010 Forfeiture Judgment. Filing the motion before entry of the judgment did not make it untimely. See HRS § 804-51; see, e.g., Saranillio v. Silva, 78 Hawai'i 1, 7, 889 P.2d 685, 691 (1995) ("HRCP [Rule] 59(e) does not require that a motion be served *after* the entry of judgment; it imposes only an outer [ten day] time limit on the service of a motion to alter or amend the judgment[.]"). There is no dispute that Diaz had notice of the January 15, 2010 Forfeiture Judgment.

Because Diaz's November 27, 2009 motion was timely, we reach the issue of whether the district court abused its discretion in denying that motion.

(2) Diaz argues that he had "good cause" for setting aside his bail forfeiture because at the time of his August 9, 2004 arraignment, he was in custody in California on an unrelated criminal matter. We review whether the district court abused its discretion in denying Diaz's request to return his cash bail. State v. Flores, 88 Hawai'i 126, 130, 962 P.2d 1008, 1012 (App.

---

[8] It is unclear why the August 9, 2004 Forfeiture Judgment was not included in the record on appeal in the first appeal, whereas it was supplemented into the record in this appeal.

6

1998) (An order denying relief from a judgment of bail forfeiture on the grounds that good cause has not been shown is reviewed for an abuse of discretion).

The Hawai'i Supreme Court has noted that "forfeitures of bail bonds will generally be vacated . . . where it appears to the satisfaction of the court that *uncontrollable circumstances* prevented appearance pursuant to the stipulations in the bond, or that the default of the principal was excusable." Camara, 81 Hawai'i at 330, 916 P.2d at 1231 (emphasis added) (citation and brackets omitted). "Generally, sufficient cause to set aside a forfeiture is a showing that the party did not break his or her recognizance intentionally, with the design of evading justice, or without a sufficient cause or reasonable excuse, such as unavoidable accident or inevitable necessity preventing his or her appearance." Id. (citation and brackets omitted).

We hold that, given the record in this case, including Diaz's incarceration in California, the district court did not abuse its discretion in holding that Diaz did not show "good cause" for setting aside the bail forfeiture judgment. Diaz did not demonstrate how his absence from the State of Hawai'i was not a violation of the general conditions for release on bail, which required that "[a]ny person released on bail, recognizance, supervised release or conditional release . . . shall remain in the State of Hawaii unless approval is obtained from a court of competent jurisdiction to leave the jurisdiction of the court." HRS § 804-7.4 (3) (1993 Repl.). Moreover, Diaz failed to provide any explanation for the circumstances of his incarceration in California that would support a good cause determination.

Therefore,

IT IS HEREBY ORDERED THAT the District Court of the First Circuit's "Order Denying in Part and Granting in Part Defendant[']s Motion to Set Aside Bail Forfeiture and For Return of Bail," filed on January 15, 2010 is affirmed.

DATED:  Honolulu, Hawai'i, April 30, 2012.

On the briefs:

Eric A. Seitz
Lawrence I. Kawasaki
Della A. Balatti
for Defendant-Appellant

Delanie D. Prescott-Tate
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge