313 P.3d 698

STATE of Hawai'i, Respondent/Plaintiff–Appellee,

v.

Joseph VAIMILI, Respondent/Defendant–Appellee,

and

Freedom Bail Bonds, Petitioner/Surety–Appellant.

No. SCWC–12–0000034.

Supreme Court of Hawai'i.

Oct. 30, 2013.

As Corrected Oct. 30, 2013.

Matthew N. Padgett, for petitioner.

Brian R. Vincent, for respondent.

RECKTENWALD, C.J., NAKAYAMA, ACOBA, McKENNA, and POLLACK, JJ.

Opinion of the Court by ACOBA, J.

We hold that the Circuit Court of the First Circuit (the court)[1] was right in denying the Motion for Relief from Forfeiture of Bail Bond filed on November 2, 2011 (November 2 Motion for Relief) by Petitioner/Surety–Appellant Freedom Bail Bonds (Petitioner). In doing so we conclude that (1) the November 2 Motion for Relief could not be brought under Hawai‘i Rules of Civil Procedure (HRCP) Rule 60(b)[2] because pursuant to HRCP Rule 81(a)(8),[3] the rules of civil procedure do not apply to bond forfeiture proceedings, (2) the statement in Hawai‘i Revised Statutes (HRS) § 804–14,[4] that a surety may

---

1. The Honorable Randal K.O. Lee presided.

2. HRCP Rule 60(b) is reproduced *infra*.

3. HRCP Rule 81(a) states, in relevant part:

 (a) **To What Proceedings Not Applicable.** Except as expressly otherwise provided in this Rule 81 or another rule of court, these rules shall not apply to the following proceedings . . . in any circuit court:

 . . . .

 (8) Proceedings for the forfeiture of bonds under [HRS] section 709–51, as the same may be renumbered;

 . . . .

 (Emphases added.) (Note: the State Legislature recodified HRS § 709–51 as HRS § 804–51 effective January 1, 1973. 1972 Haw. Sess. Laws 139.).

4. HRS § 804–14 states, "[t]hose who may have become bail for anyone, may at any time discharge themselves, by surrendering him to the

recover its bond at any time by surrendering the defendant is qualified by HRS § 804–51,[5] which provides that once the court enters a judgment of forfeiture a surety is entitled to relief only by filing a motion within thirty days demonstrating good cause for setting the judgment of forfeiture aside, (3) the November 2 Motion for Relief was not filed within the thirty-day time limit and thus was untimely, and (4) under the terms of HRS § 804–51, once the court denies a motion to set aside the judgment, the court is not required to file a separate judgment under HRCP Rule 58.[6]

Therefore, for the reasons stated herein, we affirm the May 23, 2013 judgment of the Intermediate Court of Appeals (ICA) filed pursuant to its April 26, 2013 Memorandum Opinion,[7] that affirmed the December 13, 2011 "Findings of Fact [ (findings) ], Conclusions of Law [ (conclusions) ], And Order" that denied Petitioner's November 2 Motion For Relief of the court, entered on December 13, 2011. (December 2011 Order).

## I.

### A.

On March 23, 2009, Defendant Joseph Vaimili (Vaimili) was charged with Kidnapping, Terroristic Threatening in the First Degree, Promoting Prostitution in the First Degree, and Carrying or Use of a Firearm in the Commission of a Separate Felony. Bail

was set at $250,000. Petitioner posted bond for Vaimili on July 23, 2009, pursuant to HRS § 804–3 (2008).[8] Vaimili was present for jury selection on June 21, 2010, however, he failed to appear in court on June 23, 2010. The trial was continued to June 28, 2010, to allow defense counsel the opportunity to locate Vaimili.

On June 28, 2010, a Judgment and Order of Forfeiture of Bail Bond was filed. The court continued the trial to July 19, 2010 to allow defense counsel another opportunity to secure Vaimili's presence for trial. Vaimili again failed to appear for trial on July 19, 2010, and Petitioner was unable to locate or contact Vaimili.

### B.

Petitioner filed its first motion, a Motion to Set Aside Judgment and Order for Forfeiture of Bail Bond on July 27, 2010 (July 27 Motion to Set Aside). At the time of filing, Vaimili's whereabouts were still unknown. At the August 9, 2010 hearing to address the July 27 Motion to Set Aside, Petitioner stated it was unable to locate and to surrender Vaimili within the "thirty-day search period," and had no reason for Vaimili's failure to appear at trial.[9] The court denied Petitioner's July 27 Motion to Set Aside and refused to enlarge [10] the thirty-day search period. (Citing *State v. Camara*, 81 Hawai'i 324, 330, 916

---

custody of any sheriff or chief of police or his authorized subordinate."

5. HRS § 804–51 is reproduced *infra*.

6. HRCP Rule 58 provides as follows:
 **Rule 58 Entry of Judgment**
 Unless the court otherwise directs and subject to the provisions of Rule 54 of these rules and Rule 23 of the Rules of the Circuit Courts, the prevailing party shall prepare and submit a proposed judgment. The filing of the judgment in the office of the clerk constitutes the entry of the judgment; and the judgment is not effective before such entry. The entry of the judgment shall not be delayed for the taxing of costs. Every judgment shall be set forth on a separate document.
 (Emphasis added.)

7. The Memo. Op. was filed by Chief Judge Craig H. Nakamura and Associate Judges Daniel R. Foley and Alexa D.M. Fujise.

8. HRS § 804–3(b) states, in relevant part, "[a]ny person charged with a criminal offense shall be bailable by sufficient sureties; provided that bail may be denied where the charge is for a serious crime...."

9. At the forfeiture hearing, Petitioner stated that: (1) it had no contact with Vaimili and was unaware of Vaimili's whereabouts; (2) it was unable to locate and surrender Vaimili prior to the expiration of the thirty day search period; (3) it had no satisfactory reason for Vaimili's failure to appear at trial when requested; and (4) it could not assure the court that Vaimili would be located and surrendered prior to the expiration of the thirty day search period.

10. See HRS § 804–51 quoted *infra*.

P.2d 1225 (1996).) On August 16, 2010, the court filed its Findings of Fact, Conclusions of Law, and Order Denying [Petitioner's (first)] Motion to set Aside Judgment and Order of Forfeiture of Bail Bond (August 2010 Order).

Petitioner filed its Notice of Appeal to the ICA on September 16, 2010, thirty-one days after the court filed its August 2010 Order. The ICA dismissed the appeal for lack of appellate jurisdiction because Petitioner's Notice of Appeal was not filed within the thirty-day time period required by Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1) (2010). *State v. Vaimili* (*Vaimili I*), No. CAAP–10–0000017, 2010 WL 5497660, at *1 (Haw.App. Dec. 30, 2010) (unpublished order).

### C.

On June 27, 2011 Petitioner filed its second motion, a Motion for Relief from Forfeiture of Bail Bond, pursuant to Rule 7 and 60(b) of the HRCP (June 27 Motion for Relief).[11] HRCP Rule 60(b) states, in relevant part that:

> [T]he court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3)

11. HRCP Rule 7, provides that a motion must be in writing.

12. HRS § 804–51 is reproduced *infra*.

13. Further, Vaimili previously had been ordered to report to the Oahu Intake Service Center (OISC) to be outfitted with an ankle bracelet for electronic monitoring, but did not appear. At

not more than one year after the judgment, order, or proceeding.

(Emphases added.) Vaimili's whereabouts were still unknown, and at the July 5, 2011 hearing regarding Petitioner's June 27 Motion for Relief, Petitioner stated that it would continue its efforts to apprehend Vaimili on the mainland, but could not assure the court that Vaimili would be located.

The court did not address whether HRCP Rule 60(b) was applicable to a bond forfeiture case. The court denied Petitioner's June 27 Motion for Relief based on Petitioner's failure to locate Vaimili within the thirty-day period, under HRS § 804–51.[12] Petitioner did not appeal the denial of its June 27 Motion for Relief.

### D.

Vaimili was arrested and returned to Hawai'i by federal authorities on October 14, 2011. Petitioner filed its third motion, a Motion for Relief from Forfeiture of Bail Bond pursuant to HRCP Rules 7 and 60(b) on November 2, 2011 (November 2 Motion for Relief). In the November 2 Motion for Relief, Petitioner asserted that Vaimili had been recaptured due to the efforts of its agents.[13]

On December 13, 2013 the court entered the December 2011 Order. The court denied the November 2 Motion for Relief in its December 2011 order, based on the expiration of the thirty day period established by HRS § 804–51. *See* discussion *infra.*

### E.

Petitioner filed its Notice of Appeal on January 10, 2012.

### II.

On appeal to the ICA, Petitioner argued that the court erred when it (1) concluded

the hearing on November 22, 2011, Petitioner argued that it was not notified about Vaimili's failure to appear at OISC, and if it had been, Petitioner could possibly have had time to "surrender [Vaimili] to the custody of the Department of Public Safety before he absconded to the mainland."

that HRCP Rule 60(b) did not apply to bond forfeiture proceedings; and (2) denied its HRCP Rule 60(b) motion, violating its right to due process. *State v. Vaimili (Vaimili II )*, No. CAAP–12–0000034, 2013 WL 1789405, *1 (Haw.App. April 26, 2013). The ICA decided that HRCP Rule 81(a)(8) expressly states that the HRCP do not apply in bond forfeiture proceedings. *Id.* at *2. Further, the ICA ruled that HRS § 804–51 establishes the exclusive means to seek relief from a judgment of forfeiture because the statute prescribes the means for the challenging party to appeal the motion. *Id.*

### III.

In its Application, Petitioner maintains (1) "the ICA's conclusion that HRS § 804–51 is the 'exclusive means' for redress constitutes a grave error of law," (2) HRS § 804–14 "allow[s] a bail forfeiture to be set aside where the defendant is apprehended through efforts of the bail agent" and (3) "a separate 'judgment' is required [to be filed] in all civil proceedings[.]" Respondent did not file a Response to the Application.

### IV.

#### A.

In connection with the first issue, Petitioner argues that the ICA's decision that HRS § 804–51 is the only avenue to challenge a bond forfeiture proceeding unnecessarily restricts the court's ability to grant post-judgment relief and is inconsistent with the decisions of other state courts and of federal courts. Those courts, Petitioner contends, recognize that a bail forfeiture proceeding is a civil proceeding, and that the judgment is

subject to post-judgment review consistent with any other civil judgment.

Petitioner cites *Camara*, 81 Hawai'i at 329 n. 7, 916 P.2d at 1230 n. 7, in which this court held that bond forfeiture proceedings are civil proceedings, and are therefore subject to HRAP Rule 4(a), which governs when appeals are taken in civil cases. It. asserts that the ICA's decision is inconsistent with *Camara* because *Camara* employs the same rationale as cases that "specifically recognize that a bail forfeiture proceeding is a civil proceeding and is subject to the same type of post-judgment review as any civil judgment."

Petitioner claims that analogously, in federal court, bond forfeiture proceedings are not subject to the Federal Rules of Criminal Procedure (FRCP), but rather the Federal Rules of Civil Procedure because the civil rules are more consistent with the civil nature of the action. (Citing *United States v. Vaccaro*, 51 F.3d 189 (9th Cir.1995) and *United States v. Plechner*, 577 F.2d 596 (9th Cir.1978).) Additionally, Petitioner declares that other jurisdictions recognize the application of Rule 60(b) post-judgment motions in order to set aside bail forfeiture judgments.[14]

#### B.

■ As to Petitioner's first issue, the ICA correctly concluded that the HRCP do not apply here. Bond forfeiture proceedings are excluded from the ambit of civil procedure rules pursuant to HRCP Rule 81(a)(8), which provides that "[e]xcept as expressly otherwise provided in this Rule 81 or another rule of court, these rules shall not apply to ... [p]roceedings for the forfeiture of bonds[.]" Consequently, HRCP Rule 81(a)(8) expressly

14. Petitioner cites *United States v. Scott*, 2012 U.S. Dist. LEXIS 114470, at *10 (S.D.N.Y. July 13, 2012) (considering a civil procedure Rule 60(b) motion to set aside bail forfeiture judgment, and concluding that justice did not require bail forfeiture), *Swift v. Esdale*, 293 Ala. 520, 306 So.2d 268 (1975) (affirming decision to overturn a forfeiture judgment pursuant to an Alabama Rules of Civil Procedure (ARCP) Rule 60(b) motion), *People v. Caro*, 753 P.2d 196 (Colo.1988) (holding that a judgment of forfeiture could be vacated pursuant to Colorado Rule of Civil Procedure Rule 60), *State v. Crosby*, 2009 WL

2991129, 2009 Ohio App. LEXIS 4176 (Ohio Ct.App. Sept. 21, 2009) (holding that Ohio's remission statute and Civil Rule 60 are cumulative remedies in bond forfeiture proceedings), *State ex. rel. Moore County Bd. Of Educ. v. Pelletier*, 168 N.C.App. 218, 606 S.E.2d 907 (2005) (recognizing that the court had "previously utilized our Rules of Civil procedure in reviewing a trial court's denial of remission of a bond forfeiture"), and *State v. Cortez*, 211 N.C.App. 198, 711 S.E.2d 876 (N.C.App.2011) (unpublished disposition) (holding that North Carolina Rules of Civil Procedure Rule 60 applies to bond forfeiture).

precludes the application of the HRCP in this case.[15]

Petitioner contends that because *Camara* applied HRAP Rule 4(a) to bond forfeiture proceedings, this court recognized that such proceedings were civil proceedings. However, HRCP Rule 81(f) provides that, "Rule 4(a) of the [HRAP] shall apply to appeals [ ] from a circuit court in proceedings listed in subdivision (a) of this Rule," i.e., to bond forfeiture proceedings. Thus, this court's application of HRAP Rule 4(a) in *Camara* is consistent with HRCP Rule 81. However, to reiterate, HRCP Rule 81(a) provides that the rules of civil procedure <u>do not</u> apply to bond forfeiture proceedings. Nothing in *Camara* is contrary to this express command.

The cases from other jurisdictions cited by Petitioner are also inapposite, inasmuch as none of those cases interpret an analogous civil procedure rule. For example, Petitioner relies on *Swift*, where a bond forfeiture judgment was reversed pursuant to an ARCP Rule 60(b) motion. However, in contrast to HRCP Rule 81, relating to the applicability of the HRCP, ARCP Rule 81 does not exclude bond forfeiture proceedings from civil procedure rules. Similarly, Petitioner also cites cases from Colorado, North Carolina, and Ohio, in addition to federal cases. However, none of those jurisdictions' rules contain a provision precluding their application to bond forfeiture proceedings.[16] Hence, the cases cited by Petitioner are not analogous to

the HRCP, inasmuch as HRCP Rule 81(a) explicitly states that the rules of civil procedure shall not apply in bond forfeiture proceedings.

## V.

### A.

In connection with the second issue, Petitioner contends that the ICA failed to recognize that under HRS § 804–14, a surety may "at any time" discharge itself by surrendering the defendant. It maintains that the statute is clear and that there is no temporal restriction on the phrase "at any time."

Petitioner argues that, like HRS § 804–14, FRCP Rule 46(f) [17] does not set forth a deadline to recover bail if the defendant is ultimately apprehended through efforts of the bail agent. It cites *Babb v. United States*, 414 F.2d 719, 722 (10th Cir.1968), which recognized that FRCP Rule 46(f) does not contain a time limit for bringing an action to set aside a forfeiture, but if the application for remission is "inexcusably delayed" relief may be refused.

Petitioner also relies on *Swift*, 306 So.2d at 268, in which the appeal deadline had expired on the original forfeiture, but after the defendant was surrendered, that court set aside the judgment on a Rule 60(b) motion in reliance on Alabama's remission statute,[18]

---

**15.** Pursuant to HRCP Rule 81(h), "[i]n any proceeding in the land court or listed in subdivision (a) of Rule 81 <u>the court may by order direct that any one or more of these rules,</u> not otherwise applicable to said proceeding pursuant to this Rule 81, <u>shall be applicable to said proceeding.</u>" (Emphases added.) Petitioner cited Rule 81(h) in its Reply Brief before the ICA. However, Petitioner did not raise Rule 81(h) before the court in its November 2, 2011 Motion for Relief or before this court. Hence, any argument based on Rule 81(h) may be deemed waived. *State v. Moses*, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003).

**16.** *See, e.g.,* FRCP Rule 81(a) (bond forfeiture proceedings not included in list of exceptions where rules do not apply); Colorado Rules of Civil Procedure Rule 81(a) (same); Ohio Rules of Civil Procedure Rule 1 (same); North Carolina Rules of Civil Procedure Rule 1 (stating that the rules apply to "all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute").

**17.** FRCP 46(f) states, in relevant part:

(f) **Bail forfeiture.**
(1) **Declaration.** A court must declare the bail forfeited if a condition of the bond is breached.
(2) **Setting Aside.** The court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if:
(A) the surety later surrenders into custody the person released on the surety's appearance bond; or
(B) it appears that justice does not require bail forfeiture.
. . .

**18.** Code of Alabama § 15–13–139 states:

Remission after final judgment of forfeiture. In forfeiture cases where the sureties have paid the amount of the forfeiture into the court or in cases where the forfeiture has been made final or absolute and there is no further litigation pending on the forfeiture, and the surety lo-

which allows that court to discharge bail bonds at any time. Petitioner likens the Alabama statute to HRS § 804–14.

Petitioner explains that its extensive efforts to bring Vaimili back to Hawaiʻi merit the discharge of judgment under HRS § 804–14. It further asserts that returning the bond once a defendant is surrendered promotes the public policy of having a defendant brought to justice, because without the possibility of recovery, the surety would have no inducement to find and surrender the defendant.

### B.

 As to Petitioner's second issue, the ICA did not err in refusing to allow Petitioner to recover his bail bond pursuant to HRS § 804–14. As an initial matter, Petitioner did not raise HRS § 804–14 as a ground for the recovery of its bond in any of its motions before the court. In its November 2, 2011 Motion for Relief, Petitioner stated that it sought to have the court "grant relief from the judgment based on Rule 60(b) of the Hawaiʻi Rules of Civil Procedure." Hence, any argument based on HRS § 804–14 has been waived. *Moses*, 102 Hawaiʻi at 456, 77 P.3d at 947.

### C.

 In any event, pursuant to HRS § 804–51, once the court forfeits a bail bond, HRS § 804–14 is limited by the "thirty-day search period," *see Camara*, 81 Hawaiʻi at 331, 916 P.2d at 1232, contained within HRS § 804–51. To reiterate, once a bond is forfeited pursuant to HRS § 804–51, a surety has thirty days from the time it receives

notice of forfeiture to set aside the forfeiture judgment:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State ... and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given ... to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application ... showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application ... is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804–14 or section 804–41,[19] return the bond or recognizance to the principal or surety, whoever shall have given it.... If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

HRS § 804–51 (emphases added). Pursuant to HRS § 804–51, then, when a bond is forfeited in a criminal case, (1) judgment shall be entered in favor of the State, (2) the surety is given thirty days to file a motion showing good cause as to why the judgment should not be executed, (3) if the motion is sustained, the judgment shall be vacated, and (4) if the principal surrenders or is surren-

---

cates the defendant and causes the return of the defendant to the custody of the court where the bond was forfeited, and if the defendant was substantially procured by actions of the surety, and the administration of justice has not been thwarted nor the successful prosecution of the defendant has been affected, then the court which ordered the forfeiture, shall have full power and jurisdiction in all proceedings conducted pursuant to this article and within a period of six months from the date of issuance of any final forfeiture judgment ... may, in the court's discretion, remit the whole of the penalty of the bail ... and render a new final judgment against the sureties appearing

upon the bail bond or undertaking. In forfeiture cases, if the judgment has been paid into the State or Municipal Treasury, the court may issue an order to the custodian of the treasury to make a refund to the sureties.
(Emphases added.)

19. HRS § 804–41 provides as follows:

**§ 804–41 Discharge of surety**
At any time before the breach of the condition of the bond, the surety may discharge oneself by surrendering the principal into the hands of any sheriff or the chief of police or the sheriff's or chief's authorized subordinate.

dered pursuant to HRS § 804–14, or HRS § 804–41 then the bond shall be returned to the surety.

The legislative history of HRS § 804–51 indicates that in 1989, the legislature amended HRS § 804–51 through Act 289. The report of the Senate Committee on the Judiciary on S.B. 1061 [20] stated that "the present statute allows for a [surety] to have the bail forfeiture set aside, but only within ten days after the defendant has failed to appear for court." S. Stand. Comm. Rep. No. 857, in 1989 Senate Journal at 1127–28. Thus, the legislature understood that the only means of setting aside a forfeiture was through a timely motion. However, the ten day time limit was inadequate because sureties were not informed within ten days of the defendant's failure to appear. *Id.*

Act 289 "change[d the] present law by requiring that the courts give written notice to the surety," and "allow[ed] a [surety] thirty days, instead of the [then] present ten [days] to object to the forfeiture of a bail bond." *Id.* Hence, the legislative history of Act 289 seemingly means that the legislature understood that a motion brought within thirty days was the exclusive means of recovering a forfeited bail bond.

In *Camara,* this court interpreted the legislative history of Act 289 to HRS § 804–51 as "demonstrating the legislature's intent to allow the surety the opportunity to locate the principal before execution of the judgment of forfeiture actually occurs." 81 Hawai'i at 331, 916 P.2d at 1232. Thus, "if the principal surrenders or is surrendered within the thirty-day search period, the surety would be entitled to return of the bond." *Id.*

Also, execution of the judgment "shall issue forthwith upon the expiration of thirty days <u>unless</u> the principal or surety files a motion showing good cause why execution should not issue within the thirty-day period." *Id.* at 329, 916 P.2d at 1230 (emphasis in original). This court further explained that a defendant may show good cause as to why execution should not issue by, *inter alia,* surrendering the defendant "prior to the expiration of the thirty-day search period." [21] *Id.* at 330, 916 P.2d at 1231. Hence, as explained by *Camara,* absent good cause for why execution of the bond should not issue [22] a surety has a thirty-day window under HRS § 804–51 to surrender the defendant (i.e., the "thirty-day search period"). *Id.* at 331, 916 P.2d at 1232.

In *State v. Ranger Ins. Co. ex rel James Lindblad, Inc.,* 83 Hawai'i 118, 925 P.2d 288 (1996) [23] this court held that the failure to locate the defendant within the "thirty-day search period" and to file a motion within the "thirty-day window" resulted in the forfeiture of a bail bond. In *Ranger,* the trial court filed a forfeiture judgment on March 5, 1991, and the surety received notice of the judgment on March 7. 83 Hawai'i at 120, 925 P.2d at 290. On April 5, 1991, the surety filed a timely HRS § 804–51 motion, and the trial court allowed the surety an additional forty-two days to locate the defendant. *Id.* Following the expiration of the forty-two days, on May 17, 1991 the court orally denied the HRS § 804–51 motion. *Id.*

Months later, in January 1992, the defendant was apprehended by law enforcement authorities. *Id.* The surety then filed a "bail bond surrender," apparently pursuant to HRS § 804–14, on February 20, 1992. *Id.*

---

**20.** Standing Committee Report No. 857 discussed S.B. 1061. The House Judiciary Committee inserted the language of S.B. 1061 into S.B. 740, which was adopted as Act 289. *See* H. Stand. Comm. Rep. No. 1285, in 1989 House Journal at 1318.

**21.** *Camara* also held that a surety could establish good cause by showing that "uncontrollable circumstances prevented appearance" by the defendant. *Id.* at 330, 916 P.2d at 1231. This is not applicable in this case because Petitioner has not made this assertion.

**22.** In determining whether good cause existed, it should be noted that " 'the primary purpose of bail in a criminal case is not to punish a defendant or surety, nor to increase the revenue of the State, but rather to honor the presumption of innocence,' by allowing 'a defendant to prepare his or her case, and to ensure the defendant's presence in the pending proceeding.' " *Diaz III,* 128 Hawai'i at 224, 286 P.3d at 833 (quoting *Camara,* 81 Hawai'i at 330, 916 P.2d at 1231).

**23.** *Ranger* was not cited by either party. However, the court did cite *Ranger* in the Conclusions of Law in its December 2011 Order.

Nevertheless, the trial court filed an order denying the HRS § 804–51 motion on February 20, 1992.[24] *Id.* Subsequently, the surety brought a second motion to vacate the forfeiture judgment on March 12, 1992. *Id.* The trial court denied the motion without a hearing, because it " 'did not provide a legal basis for the relief requested.' "

This court affirmed the court's order denying the surety's first HRS § 804–51 motion. It was held that "the [s]urety's HRS § 804–51 motion failed to make the requisite showing of 'good cause why execution should not issue upon the forfeiture judgment.' " *Id.* Consequently, under *Ranger,* absent good cause a surety's failure to surrender the defendant within the thirty-day search period provided by HRS § 804–51 mandates forfeiture of the bond.

■ This court also affirmed the court's denial of the surety's second motion. *Ranger* explained that, "HRS § 804–51 permits the filing neither of a second motion seeking to show 'good cause why execution should not issue' nor any motion after the closing of the thirty-day window." 83 Hawai'i at 124 n. 5, 925 P.2d at 294 n. 5 (emphases in original). Hence, "[t]he [s]urety's sole recourse from the [denial of the motion to set aside] . . . [is] by way of appeal [to] this court." *Id.*

Thus, in the instant case, Petitioner's July 27 Motion, its first motion to set aside, constituted its HRS § 804–51 motion. However, the court denied that motion. But, Petitioner's appeal from the court's denial of its motion was untimely. Consequently, Petitioner had no further recourse under HRS § 804–51. *Id.*

### D.

■ An in pari materia analysis also supports the foregoing conclusion. "[L]aws in pari materia, or upon the same subject mat-

ter, shall be construed with reference to each other. What is clear in one statute may be called upon in aid to explain what is doubtful in another." *State v. Kamana'o,* 118 Hawai'i 210, 218, 188 P.3d 724, 732 (2008) (internal quotation marks omitted). Here, HRS § 804–14 and HRS § 804–51 both pertain to recovery of a surety's bail bond.

■ To reiterate, pursuant to HRS § 804–14[25] sureties may "discharge[26] themselves," i.e., extinguish the legal duty owed regarding the defendant, by surrendering him or her to law enforcement. On the other hand, HRS § 804–51 pertains to recovery of a bail bond once the judgment of forfeiture has been entered. As explained *supra,* pursuant to HRS § 804–51, after the court forfeits a bail bond, sureties are allowed thirty days to file a motion showing good cause as to why the forfeiture judgment should be vacated. When the two statutes are "construed with reference to each other," *Kamana'o,* 118 Hawai'i at 218, 188 P.3d at 732, it is apparent that HRS § 804–14 applies generally except when the bond has been forfeited. In that event, HRS § 804–51 is applicable.

■ HRS § 804–51 thus controls in situations where a judgment of forfeiture has been entered. This resolves the question of whether the general allowance for surrender of a principle contained in HRS § 804–14 applies to Petitioner. Because HRS § 804–51 governs situations in which a judgment of forfeiture has been entered, and such a judgment was entered against Petitioner, HRS § 804–51 and not HRS § 804–14 applies to recovery of the bail bond by the Petitioner. Therefore, Petitioner cannot recover its bond under the provisions of HRS § 804–14, but only under the conditions set forth in HRS § 804–51.

### E.

■ Petitioner asserts that HRS § 804–14 should apply because allowing the surety

---

24. Seemingly, in *Ranger,* the court's February 20, 1992 order was a confirmation of its May 17, 1991 oral ruling. 83 Hawai'i at 121, 925 P.2d at 290. The trial court in *Ranger* apparently did not issue a separate ruling discussing the bail bond surrender filed on February 20, 1992. *Id.*

25. As stated before, HRS § 804–14 provides that "[t]hose who may have become bail for anyone

[sic], may at any time discharge themselves, by surrendering him to the custody of . . . [law enforcement]."

26. "Discharge" is defined as, *inter alia,* "any method by which a legal duty is extinguished; especially the payment of a debt or satisfaction of some other obligation." *Black's Law Dictionary* 530 (9th ed. 2009).

an unlimited time period to recover its bond provides the surety an incentive to recapture a fleeing defendant. The accuracy of this contention aside, any argument that the thirty-day time period should have been extended to give Petitioner more time to recapture Vaimili should have been raised on appeal from the court's denial of Petitioner's July 27 Motion to Set Aside. *See Ranger*, 83 Hawai'i at 124 n. 5, 925 P.2d at 294 n. 5 (holding that a surety's only recourse from a the denial of a motion to set aside is an appeal). In failing to file a timely appeal, *see Vaimili I*, 2010 WL 5497660, at \*1, Petitioner waived these arguments and it is not necessary to discuss them here.

## VI.

### A.

In connection with the third issue, Petitioner maintains that a bail forfeiture judgment is a civil judgment that must comply with the same level of formality as any other civil judgment. Specifically, it asserts that because the court in *Camara*, 81 Hawai'i at 329, 916 P.2d at 1230, held that a judgment in a bail forfeiture proceeding is a judgment in a civil case, there must be a separate judgment that complies with the requirements of *Jenkins v. Cades Schutte*, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). According to Petitioner, the court failed to enter a separate judgment that specifically identified the party or parties for and against whom the judgment was entered and the claims for which judgment was entered, and neglected to dismiss claims not specifically identified.

Further, Petitioner apparently asserts that once the court filed a "final judgment," it would then be allowed to file a "renewed motion to set aside" pursuant to *Diaz III*. Petitioner maintains that in *Diaz III*, this court held that a "renewed motion to set aside" was timely "where it was filed over six years after the original Notice of Entry of Judgment but within 30 days from the notice of the entry of a Final Judgment."

### B.

As previously noted, HRS § 804–51 plainly requires the court to issue a judgment "immediately" once the court "forfeits any bond." The surety is then given thirty days to move to stay the execution of that judgment. If the motion to stay is denied, "execution shall forthwith issue." *Id.* Hence, nothing in HRS § 804–51 permits the filing of a second judgment. Instead, the initial judgment becomes effective once the deadline to file a motion to stay the execution of the judgment expires. In the instant case, on June 28, 2010 the court filed a forfeiture judgment as required by HRS § 804–51. That judgment was accorded res judicata effect on December 30, 2010, when the ICA dismissed Petitioner's appeal for lack of appellate jurisdiction. *See Eastern Savings Bank, FSB v. Esteban*, 129 Hawai'i 154, 159, 296 P.3d 1062, 1067 (2013) ("According to the doctrine of res judicata, the judgment of a court of competent jurisdiction is a bar to a new action in any court between the same parties or their privies concerning the same subject matter[.]"). No further motions were permitted under HRS § 804–51. Hence, the court was not required to enter an additional judgment.

### C.

Petitioner cites *Jenkins* for the proposition that there must be a separate final judgment "[u]nder the rules applicable for a civil judgment." *Jenkins* interpreted the "separate document requirement" set forth in HRCP Rule 58. 76 Hawai'i at 119, 869 P.2d at 1339. However, as explained *supra*, the rules of civil procedure are inapplicable to bond forfeiture proceedings such as in the instant case. Hence, *Jenkins* is inapposite. The requirements of HRS § 804–51, and not the rules of civil procedure, are controlling here.

*Diaz III* also does not compel a contrary conclusion. In that case, the defendant initially appealed from the court's order denying his first HRS § 804–51 motion to set aside the forfeiture judgment. *See State v. Diaz (Diaz III)*, 128 Hawai'i 215, 221, 286 P.3d 824, 830 (2012). In *State v. Diaz (Diaz)*, No. 28539, 2009 WL 3290249, at \*1 (App. Oct. 13, 2009), the ICA held that it did

 

not have jurisdiction over Petitioner's appeal because the record on appeal did not contain the original forfeiture judgment filed under HRS § 804–51.[27] On remand, the defendant filed a second motion to set aside, and in light of the ICA's holding, "also asked the district court to enter a [second] judgment of forfeiture."[28] *See State v. Diaz (Diaz II)*, No. 30324, 127 Hawai'i 240, 2012 WL 1525032, at *3. The district court denied the second HRS § 804–51 motion, but "granted [the defendant's] request for entry of bail forfeiture judgment." *Diaz III*, 128 Hawai'i at 221, 286 P.3d at 830.

The defendant then appealed the denial of the second HRS § 804–51 motion. The ICA held that "under the peculiar circumstances of this case" the second motion was timely because it was filed before the second entry of judgment. *Diaz II*, 2012 WL 1525032, at *3. This court affirmed the ICA in this regard. *Diaz III*, 128 Hawai'i at 224, 286 P.3d at 833.

Nothing in *Diaz III* provides that a defendant or surety is entitled to a second final judgment that renders a second motion to set aside timely. Such a requirement would allow defendants and sureties to circumvent the thirty-day time limit in HRS § 804–51. The filing of a second final judgment in *Diaz III* was the result of "the peculiar circumstances" of the case, i.e., the rejection of the defendant's first appeal because the first judgment was not included in the record. *See Diaz II*, 2012 WL 1525032, at *3. In the instant case, Petitioner's first appeal was rejected not because of the absence of a forfeiture judgment, but because it was untimely. *See Vaimili I*, 2010 WL 5497660, at *1. Hence, there was no reason for the court to enter a "second judgment" here.

In sum, pursuant to HRS § 804–51, a court is only required to enter a judgment of forfeiture once—at the time the court forfeits a bond. It is undisputed that this requirement was followed here. Hence, Petitioner's argument that the court "failed to enter a

separate judgment that complied with the requirements of *Jenkins* " is incorrect.

## VII.

Based on the foregoing, the December 13, 2011 Order of the court and the May 23, 2013 judgment of the ICA are affirmed.

27. The first forfeiture judgment apparently did exist and was a part of the record on appeal in the second appeal. *Diaz III*, 128 Hawai'i at 221, 286 P.3d at 830.

28. Thus, contrary to Petitioner's assertion, the second judgment in *Diaz III* was not characterized as a "final judgment." Instead, both judgments were "bail forfeiture judgments." *See Diaz III*, 128 Hawai'i at 218, 222, 286 P.3d at 827, 831.