**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000633
28-JUN-2022
07:48 AM
Dkt. 31 SO**

NO. CAAP-20-0000633

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
CHRISTIAN CONCEPCION, also known as
Christian Ernie Concepcion, Defendant-Appellee,
and
SCOTTS BAIL BONDS L.L.C., dba Aloha Bail Bonds,
Real Party in Interest-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-20-0000743)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Hiraoka and Wadsworth, JJ.)

Appellant Scott's Bail Bonds, L.L.C., dba Aloha Bail Bonds (**SBB**), appeals from the September 22, 2020 "Findings of Fact, Conclusions of Law, and Order Denying Scott's Bail Bonds' Motion to Set Aside Bond Forfeiture," entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, SBB contends that the Circuit Court (1) erred by denying SBB's September 10, 2020 "Motion to Set Aside Bond Forfeiture" (**Motion**) on the basis that the court lacked jurisdiction over the Motion, and (2) should have considered reasons for good cause as to why execution of the July 14, 2020 "Judgment and Order of Forfeiture of Bail Bond" (**Forfeiture Judgment**) should not have issued.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to

---

[1] The Honorable Shirley M. Kawamura presided.

the arguments advanced and the issues raised by the parties, we resolve SBB's contentions as follows and affirm:

The procedure for forfeiture of bail bonds is set out in Hawaii Revised Statutes (**HRS**) § 804-51 (2014), which provides in relevant part:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

(Emphasis added.)

As the Supreme Court of Hawaiʻi has "reiterate[d], once a bond is forfeited pursuant to HRS § 804-51, a surety has thirty days from the time it receives notice of forfeiture to set aside the forfeiture judgment[.]" State v. Vaimili, 131 Hawaiʻi 9, 15, 313 P.3d 698, 704 (2013). "HRS § 804-51 permits the filing neither of a second motion . . . nor any motion after the closing of the thirty-day window." State v. Ranger Ins. Co., 83 Hawaiʻi 118, 124 n.5, 925 P.2d 288, 294 n.5 (1996) ("Without addressing its merits, the motion to vacate [forfeiture judgment] did 'not provide a legal basis for the relief requested,' as the circuit court ruled, because it was not filed within the time limit imposed by HRS § 804-51, and the circuit court was therefore without power to consider it.")

Here, SBB acknowledges that it received notice of the Forfeiture Judgment on August 7, 2020, and does not dispute that it electronically filed the Motion on September 10, 2020, more than thirty days after receiving notice. But SBB argues that the Motion should nonetheless be deemed timely because counsel "tendered" the Motion to the Circuit Court on September 3, 2020 — within the thirty-day period — by emailing a draft of the Motion to the court chambers to obtain a hearing date. In this regard, the Circuit Court made the following findings of fact, which SBB does not expressly challenge:[2]

> 7.    On September 3, 2020 at 5:56 p.m., [SBB's counsel] emailed to the Court via the 12th Division email address a draft copy of the present Motion requesting that the Court calendar the Motion.
>
> 8.    On September 4, 2020 at 10:31 a.m., the 12th Division replied to [SBB's counsel], setting the hearing on the Motion for September 21, 2020 at 10:30 a.m. and requesting that he file the Motion[] accordingly.[3]
>
> 9.    On September 10, 2020, at 11:55 a.m. [SBB's counsel] filed the Motion to Set Aside Bond Forfeiture.

(Footnote added.)

While SBB claims it "tendered" the Motion within the required thirty-day period when it emailed a copy to the Circuit Court and requested a hearing date, such a tendering does not satisfy HRS § 804-51's requirement that the Motion be <u>filed</u> within the thirty-day window.

The Hawaiʻi Electronic Filing and Service Rules (**HEFSR**) require every attorney representing a party to a case maintained in the Judiciary Information Management System (**JIMS**) to (1) register as a Judiciary Electronic Filing System (**JEFS**) user, and (2) electronically file each document as an Adobe Portable Document Format (PDF) document through JEFS. HEFSR Rules 1, 2.2, 4.1(a). "Electronic filing means (1) the submission of documents

---

[2]    Unchallenged factual findings are deemed binding on appeal. <u>Okada Trucking Co. v. Bd. of Water Supply</u>, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

[3]    SBB claims on appeal that it "received" the Circuit Court's September 4, 2020 email on September 10, 2020, but it does not provide any discernible record citation to support this assertion, it did not raise this issue in its Motion, and no transcript of the hearing on the Motion has been included in the record.

by authorized JEFS Users for docketing and storage in JIMS and (2) the conversion and/or transmission of documents by JIMS Users directly into JIMS." HEFSR Rule 1 (bold typeface omitted). "The electronic filing of a document is deemed complete for all purposes under any of the Hawaiʻi Rules of Court when a Notice of Electronic Filing is generated." HEFSR Rule 3.1. Except for conventionally filed documents, "a document filed through JEFS or JIMS for docketing and storage in JIMS is deemed filed at the date and time stated on the Notice of Electronic Filing." HEFSR Rule 3.3. By contrast, the HEFSR provide that "[t]he clerk shall electronically file any <u>paper document conventionally filed</u>[,]" and that "[t]he receipt date and time reflected on the conventionally filed document and subsequently filed in JIMS shall be deemed the filing date. . . ." HEFSR Rule 2.5. Therefore, even assuming SBB sent a copy of its unfiled motion to the Circuit Court via email, as counsel was required to electronically file documents on behalf of SBB and could not conventionally file the Motion, the September 10, 2020 electronic filing date governs.[4] <u>See</u> <u>State v. Crisp</u>, CAAP-18-0000433, 2019 WL 1715771, at *2 (Haw. App. Apr. 17, 2019).

Accordingly, the Circuit Court correctly ruled it had no jurisdiction to consider SBB's Motion. <u>See</u> <u>Ranger Ins. Co.</u>, 83 Hawaiʻi at 124 n.5, 925 P.2d at 294 n.5. Thus, we also reject SBB's argument that the circuit court should have considered reasons for good cause as to why execution of Forfeiture Judgment should not have issued.[5] <u>Id.</u>

---

[4] In urging the court to deem the Motion timely filed, SBB cites <u>In re Doe</u>, 101 Hawaiʻi 220, 65 P.3d 167 (2003). That case is distinguishable inasmuch as it is a family court case governed by the Hawaiʻi Family Court Rules and to which the HEFSR did not apply. SBB also appears to argue that the court should apply HEFSR Rule 10 to excuse counsel's late filing. But HEFSR Rule 10, which pertains to technical failures of JEFS or JIMS, does not apply here because SBB does not contend (or point to any record support) that a technical failure of JEFS or JIMS prevented it from timely filing the Motion.

[5] While not listed in its points of error, SBB appears to contend that because the defendant was "brought into custody within three days of missing Court . . . [i]t should be argued that the bail forfeiture should have been set aside *sua sponte*[.]" HRS § 804-51 "provides that once the court enters a judgment of forfeiture a surety is entitled to relief <u>only by filing a motion within thirty days</u> demonstrating good cause for setting the judgment of forfeiture aside[.]" <u>Vaimili</u>, 131 Hawaiʻi at 11, 313 P.3d at 700 (emphasis added). As the Circuit Court here entered the Forfeiture Judgment, SBB was required to seek relief under HRS § 804-51.

For the foregoing reasons, the Circuit Court's September 22, 2020 Findings of Fact, Conclusions of Law, and Order Denying Scott's Bail Bonds' Motion to Set Aside Bond Forfeiture is affirmed.

DATED:  Honolulu, Hawaiʻi, June 28, 2022.


On the briefs:

Anthony Fujii,
for Real Party in Interest-
Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge