**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-25-0000480**
**27-MAY-2026**
**08:05 AM**
**Dkt. 44 SO**

NO. CAAP-25-0000480

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
ROSHAWN BITON, Defendant-Appellee,
and
SHAKA BAIL LLC, Real Party in Interest-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC250000246)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth, and Gluck, JJ.)

Surety-Appellant Shaka Bail LLC (**Shaka Bail**) appeals from the June 4, 2025 "Findings of Fact, Conclusions of Law and Order for Shaka Bail LLC's Motion to Set Aside Bail Forfeiture" entered by the Circuit Court of the First Circuit (**Circuit Court**).[1] After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Shaka Bail's contentions as follows, and affirm.

The basic background facts are these: Shaka Bail issued a $30,000.00 bond on behalf of Roshawn Biton (**Biton**). On March 24, 2025, Biton failed to appear for Arraignment and Plea,

---

[1] The Honorable Kevin A. Souza presided.

and on March 28, 2025, the Circuit Court entered a Judgment and Order of Forfeiture of Bail Bond (**Judgment**).  On March 28, 2025, Plaintiff-Appellee State of Hawaiʻi (**State**) mailed notice of the Judgment both to Shaka Bail and Shaka Bail's insurer, Universal Fire & Casualty Insurance Company (**Universal**).  On March 29, 2025, Biton was arrested.  Proof of service was made on April 1.[2]

On Sunday, April 20, Shaka Bail's counsel emailed its proposed Motion to Set Aside Bail Forfeiture (**Motion**) to the Circuit Court to obtain a hearing date.[3]  The morning of Tuesday, April 22, following some back-and-forth over email, the Circuit Court scheduled a hearing on the Motion for June 2.

Shaka Bail's counsel, however, did not actually file the Motion until May 16, 2025.  On June 4, 2025, after briefing and a hearing on the Motion, the Circuit Court denied the Motion as untimely; it based its ruling on Hawaiʻi Revised Statutes § 804-51 (Supp. 2024), which requires that a motion to set aside the forfeiture of bail be filed within 30 days from the date notice of the forfeiture is given.[4]  Shaka Bail appealed, raising three points of error.

---

[2]     Shaka Bail argued that April 7 – the date that Universal received service - is the relevant date.  As discussed more fully <u>infra</u>, however, Shaka Bail's Motion was untimely even using April 7 as the relevant date of service.

[3]     <u>See</u> Rules of the Circuit Court of the State of Hawaiʻi 7.2(g)(1)(A)(i) ("Upon presentation of the hearing motion or joinder to the assigned judge, the motion or joinder shall be assigned a hearing date and time by the assigned judge. Upon designation of the hearing date and time, the motion or joinder shall be electronically filed by the filing party[.]").

[4]     HRS § 804-51 provides in relevant part:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals, surety or sureties, and surety insurer or surety insurers on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified

**(1) Effectiveness of service**: Shaka Bail argues that the Circuit Court erred in concluding that service upon its insurer (Universal) was effective. Shaka Bail did not make any argument to the Circuit Court that service was ineffective, however. Accordingly, this argument has been waived. See HRS § 641-2 (2016) ("The appellate court . . . need not consider a point that was not presented in the trial court in an appropriate manner."); Hawaii Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 500, 164 P.3d 696, 758 (2007) ("As a general rule, if a party does not raise an argument at the circuit court level, that argument will be deemed to have been waived on appeal[.]" (cleaned up)).

**(2) Hawaiʻi Rules of Civil Procedure**: Shaka Bail contends that the Circuit Court erred "by failing to consider that the Circuit Court could apply the Hawaii Rules of Civil Procedure" (**HRCP**). Specifically, Shaka Bail argues that the Circuit Court could have (and should have) heard and granted its Motion pursuant to HRCP Rule 60(b). Once again, this argument is waived on appeal. Shaka Bail brought its Motion "pursuant to Rule 46 of the Hawaii Rules of Penal Procedure [and HRS] §804-51" and no mention of HRCP Rule 60 was made in its motion, its reply, or oral argument. In any event, this argument is wholly without merit: the Hawaiʻi Supreme Court has stated, in no

---

mail, return receipt requested, to the surety or sureties or the surety insurer or surety insurers on the bond, of the entry of the judgment in favor of the State, <u>unless before the expiration of thirty days from the date that notice is given to the surety or sureties or the surety insurer or surety insurers on the bond of the entry of the judgment in favor of the State, a motion</u> or application of the principal or principals, surety or sureties, surety insurer or surety insurers, or any of them, showing good cause why execution should not issue upon the judgment, <u>is filed with the court</u>.

(Emphases added.)

uncertain terms, that "pursuant to HRCP Rule 81(a)(8), the rules of civil procedure do not apply to bond forfeiture proceedings." State v. Vaimili, 131 Hawai'i 9, 10, 313 P.3d 698, 699 (2013), as corrected (Oct. 30, 2013) (footnote omitted).[5]

**(3) Due process:** Shaka Bail argues that HRS § 804-51 "fails rational basis review because it imposes severe consequences without a reasonable fit between means and ends, thus violating due process." Once again, Shaka Bail did not make this argument before the Circuit Court. Once again, this argument is waived.

Based on the foregoing, we affirm the Circuit Court's June 4 "Findings of Fact, Conclusions of Law and Order for Shaka Bail LLC's Motion to Set Aside Bail Forfeiture."

DATED: Honolulu, Hawai'i, May 27, 2026.

On the briefs:

Michael C. Carroll,
for Surety-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

Chad K. L. Au,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Daniel M. Gluck
Associate Judge

---

[5]    Rule 81 has remained unchanged since Vaimili, except for an amendment in 2017 to subsection (a)(5) that is not relevant here. See HRCP 81 (amend. 2017); Vaimili, 131 Hawai'i at 10 n.3, 313 P.3d at 699 n.3.