NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000561**
**13-APR-2018**
**01:56 PM**

NO. CAAP-17-0000561

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v. RONALD BRACK, JR., also known as BABA, and LYLE BOTELHO, Defendants-Appellees, and ABOVE ALL BAIL BONDS, Real Party in Interest-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1404)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Acting Chief Judge, Reifurth and Chan, JJ.)

Real Party in Interest-Appellant Above All Bail Bonds (AABB) appeals from the June 22, 2017 "Order Denying [AABB's] Second Motion to Set Aside Bail Forfeiture Reinstate Bond Then Discharge Bond" (Order Denying Motion) entered by the Circuit Court of the First Circuit (Circuit Court).[1]

On appeal, AABB argues that the Circuit Court erred by denying AABB's motion on the basis that it lacked jurisdiction over the motion.

After a careful review and consideration of the point raised and arguments made by the parties, the record, and the applicable authority, we resolve AABB's appeal as follows and affirm.

_____

[1]     The Honorable Karen T. Nakasone presided.

A proceeding involving the "forfeiture of a bond is a civil proceeding."[2] State v. Camara, 81 Hawai'i 324, 329 n.7, 916 P.2d 1225, 1230 n.7 (1996) (citation omitted). As AABB seeks the return of forfeited bail money, the applicable statute is Hawaii Revised Statutes (HRS) § 804-51 (2014). Vaimili, 131 Hawai'i at 17, 313 P.3d at 706 ("HRS § 804-51 pertains to recovery of a bail bond once the judgment of forfeiture has been entered.").

HRS § 804-51 provides:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.
>
> This section shall be considered to be set forth in full in words and figures in, and to form a part of, and to be included in, each and every bond or recognizance given in a criminal cause, whether actually set forth in the bond or recognizance, or not.

(Emphases added.)

"[O]nce a bond is forfeited pursuant to HRS § 805-51, a surety has thirty days from the time it receives notice of forfeiture to set aside the forfeiture judgment[.]" Vaimili, 131

---

[2] Although a civil proceeding, the Hawai'i Rules of Civil Procedure (HRCP) do not apply. HRCP Rule 81(a)(8). AABB did not argue the applicability of the HRCP before the Circuit Court, thereby waiving this argument. State v. Vaimili, 131 Hawai'i 9, 14 n.15, 313 P.3d 698, 703 n.15 (2013).

Hawai'i at 15, 313 P.3d at 704. "[N]othing in HRS § 804-51 permits the filing of a second judgment. Instead, the initial judgment becomes effective once the deadline to file a motion to stay the execution of the judgment expires." Id. at 18, 313 P.3d at 707. "HRS § 804-51 permits the filing neither of a second motion seeking to show 'good cause why execution should not issue' nor any motion after the closing of the thirty-day [search] window. The Surety's sole recourse from the 'appealable event'. . . was by way of an appeal to this court." State v. Ranger Ins. Co., 83 Hawai'i 118, 124 n.5, 925 P.2d 288, 294 n.5 (1996).

In this case, AABB posted a bail bond in the amount of $50,000.000 for Defendant Lyle Botelho (Botelho) on November 2, 2015. On May 24, 2016, Botelho did not appear for sentencing and the Circuit Court ordered the forfeiture of the bail bond and issued a bench warrant for Botelho's arrest setting new bail in the amount of $75,000.00. A Judgment and Order of Forfeiture of Bail Bond was entered on May 31, 2016. A notice of the bail bond forfeiture was mailed to AABB on May 31, 2016 and, on June 3, 2016, Arthur Lee appears to have signed the certified mail return receipt for the Judgment and Order of Forfeiture of Bail Bond. Therefore, the search period, under HRS § 804-51, was from June 3, 2016 to July 3, 2016. On Tuesday, July 5, 2016, AABB filed a Motion to Set Aside Bail Forfeiture Vacate Judgment and Discharge Bond (hereafter "First Motion.") On July 15, 2016, the Honorable Jeffrey P. Crabtree entered an order denying the First Motion. AABB did not appeal from this order.

On February 16, 2017, Botelho was located, arrested on the outstanding bench warrant, and surrendered. On May 16, 2017, AABB filed its Second Motion to Set Aside Bail Forfeiture Reinstate Bond, then Discharge Bond (hereafter "Second Motion"). The Circuit Court denied the Second Motion on June 22, 2017 for lack of jurisdiction due to untimely filing

As the governing statute, HRS § 804-51 does not permit a second motion to set aside a bail forfeiture, the Circuit Court

was correct in denying AABB's Second Motion. <u>Ranger Ins. Co.</u>, 83 Hawai'i at 124 n.5, 925 P.2d 294 n.5.

We therefore affirm the June 22, 2017 Order Denying Above All Bail Bond's Second Motion to Set Aside Bail Forfeiture Reinstate Bond Then Discharge Bond.

DATED: Honolulu, Hawai'i, April 13, 2018.

On the briefs:

Christopher Chui,
for Real Party in
Interest-Appellant.

Michael S. Vincent,
Dean A. Soma, and
Steve A. Bumanglag,
Deputies Attorney General,
for Plaintiff-Appellee.

Acting Chief Judge

Associate Judge

Associate Judge

4