**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000533
09-APR-2026
08:53 AM
Dkt. 53 SO**

NO. CAAP-24-0000533
(CONSOLIDATED WITH CAAP-24-0000534,
CAAP-24-0000535, AND CAAP-24-0000536)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


NO. CAAP-24-0000533

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DANIELLE K. KAHELE, also known as DANIELLE K. KANEAO,
and HEATHER TULL, also known as HEATHER O. TULL, and
HEATHER OWEN TULL, Defendants-Appellees,
and
ARTHUR LEE, dba ALL IN 1 BONDING,
Real Party In Interest-Appellant
(CASE NO. 1CPC-21-0000139)

AND

NO. CAAP-24-0000534

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DANIELLE KANEAO, and HEATHER TULL, Defendants-Appellees,
and
ARTHUR LEE, dba ALL IN 1 BONDING,
Real Party In Interest-Appellant
(CASE NO. 1CPC-21-0000873)

AND

NO. CAAP-24-0000535

STATE OF HAWAI'I, Plaintiff-Appellee, v.
HEATHER TULL, Defendant-Appellee,
and
ARTHUR LEE, dba ALL IN 1 BONDING,
Real Party In Interest-Appellant
(CASE NO. 1CPC-21-0001058)

AND

NO. CAAP-24-0000536

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
HEATHER TULL, Defendant-Appellee,
and
ARTHUR LEE, dba ALL IN 1 BONDING,
Real Party In Interest-Appellant
(CASE NO. 1CPC-22-0000556)

APPEALS FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and McCullen, JJ.)

Real Party in Interest-Appellant Arthur Lee, dba All in 1 Bonding (**All in 1**), appeals from the Order Denying Motion to Set Aside Bail Forfeiture, Reinstate Then Discharge Bond and/or Motion to Continue Hearing for Motion to Set Aside Bail Forfeiture (**Denial Order**) entered on August 2, 2024, by the Circuit Court of the First Circuit[1] (**Circuit Court**) in case nos. 1CPC-21-0000139, 1CPC-21-0000873, 1CPC-21-0001058, and 1CPC-22-0000556 (the **Four Cases**).[2]

All in 1 posted a bail bond on behalf of Defendant Heather Tull (**Tull**) in each of the Four Cases.  When Tull failed to appear for an April 22, 2024 trial call for the cases, the Circuit Court issued a bench warrant for Tull's arrest and ordered a forfeiture of her bail in each case.  On April 26, 2024, the Circuit Court entered the Judgment and Order of Forfeiture of Bail Bond (**Forfeiture Judgment**) in each case pursuant to Hawaii Revised Statutes (**HRS**) § 804-51.[3]

_____

[1]     The Honorable Faʻauuga L. Toʻotoʻo presided.

[2]     On August 20, 2025, this court entered an order consolidating appeal nos. CAAP-24-0000533 (arising from case no. 1CPC-21-0000139), CAAP-24-0000534 (arising from case no. 1CPC-21-0000873), CAAP-24-0000535 (arising from case no. 1CPC-21-0001058), and CAAP-24-0000536 (arising from case no. 1CPC-21-0001058), under CAAP-24-0000533.

[3]     HRS § 804-51 (Supp. 2023) provides, in relevant part:

> Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals, surety or sureties, and surety insurer or surety insurers on the bond,

(continued...)

On April 26, 2024, Plaintiff-Appellee State of Hawaiʻi (**State**) sent a letter via certified mail to All in 1 in each case notifying All in 1 that the relevant bail bond had been forfeited and enclosing a copy of the relevant Forfeiture Judgment. The related proof of service in each case shows that the notice was delivered to All in 1 on May 1, 2024, and All in 1 later confirmed that it had received the notice "on or about" that date.

On May 28, 2024, All in 1 filed a Motion to Set Aside Bail Forfeiture, Reinstate Then Discharge Bond and/or Motion to Continue Hearing for Motion to Set Aside Bail Forfeiture Judgment (**Motion**) in each of the Four Cases. The Motion was set to be heard on July 3, 2024.[4] All in 1 argued that the Motion was timely, All in 1 was "still trying to search for [Tull] with an active bounty hunter[,]" and pursuant to State v. Camara, 81 Hawaiʻi 324, 916 P.2d 1225 (1996), "good cause" existed for setting aside the Forfeiture Judgments.

On July 10, 2024, Tull was arrested and the April 22,

---

[3] (...continued)
jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties or the surety insurer or surety insurers on the bond, of the entry of the judgment in favor of the State, unless before the expiration of thirty days from the date that notice is given to the surety or sureties or the surety insurer or surety insurers on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, surety insurer or surety insurers, or any of them, showing good cause why execution should not issue upon the judgment, is filed with the court. If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal, surety, or surety insurer, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.

[4] On June 21, 2024, the Circuit Court rescheduled the hearing to July 12, 2024, due to its unavailability on July 3, 2024.

2024 bench warrant was served.[5/]

On July 12, 2024, the hearing on the Motion was held in each of the Four Cases.  Tull was in custody but not present at the hearing.  Following brief statements by All in 1 and the State, which argued that All in 1 had not shown "good cause" under HRS § 804-51, the Circuit Court denied the Motion.

On August 2, 2024, the Circuit Court entered the Denial Order in each of the Four Cases.  The court found in relevant part:  "Tull was arrested on July 10, 2024, for the bench warrant issued by the court on April 22, 2024, which is forty days after the search period expiration date of May 31, 2024."

On appeal, All in 1 contends that "the [C]ircuit [C]ourt erred when it denied [All in 1's] Motion . . . pursuant to Camara, the presumption of innocence, access to pretrial justice, history/tradition of the courts across the state, and [HRS] § 804-51."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve All in 1's contentions as follows, and affirm.

"[T]he determination of whether a principal or a surety under a bail bond may secure relief from a judgment of forfeiture, involves a question of law reviewable *de novo*." State v. Flores, 88 Hawaiʻi 126, 130, 962 P.2d 1008, 1012 (1998) (citing Camara, 81 Hawaiʻi at 329, 916 P.2d at 1230).  "However, a lower court's order denying relief from a judgment of bail bond forfeiture on grounds that a surety has not, as required by HRS § 804-51, shown 'good cause why execution should not issue upon the judgment' is reviewed for abuse of discretion."  Id. (quoting State v. Ranger Ins. Co., 83 Hawaiʻi 118, 122-24, 925 P.2d 288, 292-94 (1996)).

"[O]nce a bond is forfeited pursuant to HRS § 804-51, a surety has thirty days from the time it receives notice of forfeiture to set aside the forfeiture judgment[,]" referred to

_____

[5/]     All in 1 states in its opening brief that it "was active in securing the surrender and arrest of Tull."  However, All in 1 does not point to any evidence in the record that it was involved in "securing the surrender and arrest of Tull."

as the "thirty-day search period." State v. Vaimili, 131 Hawaiʻi 9, 15, 313 P.3d 698, 704 (2013) (quoting Camara, 81 Hawaiʻi at 331, 916 P.2d at 1232). Specifically, "the surety is given thirty days to file a motion showing good cause as to why the judgment should not be executed[.]" Vaimili, 131 Hawaiʻi at 15, 313 P.3d at 704.

Here, there is no dispute that All in 1 filed the Motion within the thirty-day search period. The issue is whether the Motion showed good cause to set aside the Forfeiture Judgment.

"Good cause" in this context "may be shown by the defendant surrendering or being surrendered prior to the expiration of the thirty-day search period." Camara, 81 Hawaiʻi at 331, 916 P.2d at 1232; see Vaimili, 131 Hawaiʻi at 16, 313 P.3d at 705. The "good cause" requirement may also be satisfied by showing, before the end of the thirty-day search period, "a satisfactory reason for a defendant's failure to appear when required." Camara, 81 Hawaiʻi at 330, 916 P.2d at 1231; see Vaimili, 131 Hawaiʻi at 16 n.21, 313 P.3d at 705 n.21 (recognizing that "Camara also held that a surety could establish good cause by showing that 'uncontrollable circumstances prevented appearance' by the defendant").

Here, there is no dispute that Tull was surrendered after the expiration of the thirty-day search period. Instead, All in 1 argues that it satisfied the statutory good-cause requirement by filing the Motion within the thirty-day search period and by showing that Tull was surrendered before the hearing of the Motion.

The filing of a timely motion under HRS § 804-51 does not by itself satisfy the statute's requirements for vacating a forfeiture judgment. The statute's plain language requires the movant to show good cause why execution should not issue upon the judgment. HRS § 804-51; Vaimili, 131 Hawaiʻi at 17, 313 P.3d at 706; cf. Ranger Ins., 83 Hawaiʻi at 124, 925 P.2d at 294 ("The Surety's unsupported proposition that the pendency of [a] HRS § 804-51 motion . . . somehow tolled the statute's thirty-day filing window . . . is without merit."). Good cause is not

5

satisfied where, as here, the defendant was surrendered after the end of the thirty-day search period, absent "a showing of a satisfactory reason for [the] defendant's failure to appear when required." <u>Camara</u>, 81 Hawaiʻi at 330, 916 P.2d at 1231.  No such showing was made here.  All in 1 did not show that "uncontrollable circumstances" prevented Tull's appearance or any other "satisfactory reason" for Tull's failure to appear.  <u>Id.</u> On this record, the Circuit Court did not abuse its discretion or otherwise err in denying the Motion pursuant to HRS § 804-51.

All in 1 also contends that the Denial Order "de[nies] the presumption of innocence, penalizes the sureties and [Tull], restricts access to pretrial justice[,] and is inconsistent with the history and tradition of the circuit courts." (Capitalization altered.)  All in 1 does not point to where in the record it raised these issues.  <u>See</u> Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4).  They were not raised in the Motion.  All in 1's related argument on appeal is therefore deemed waived.  <u>See</u> <u>State v. Moses</u>, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]").

For the reasons discussed above, we affirm the Order Denying Motion to Set Aside Bail Forfeiture, Reinstate Then Discharge Bond and/or Motion to Continue Hearing for Motion to Set Aside Bail Forfeiture entered on August 2, 2024, in case nos. 1CPC-21-0000139, 1CPC-21-0000873, 1CPC-21-0001058, and 1CPC-22-0000556.

DATED:  Honolulu, Hawaiʻi, April 9, 2026.


On the briefs:

Robert J. Christensen
for Real Party in Interest-
Appellant.

Dean A. Soma,
Steve A. Bumanglag, and
Chad K.L. Au,
Deputy Attorneys General,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

6