**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000492
10-JUN-2026
08:44 AM
Dkt. 39 SO**

NO. CAAP-24-0000492


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EDWARD DEPLAE II, Defendant-Appellee,
and
ALL IN ONE BONDING, Real Party in Interest-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-21-0000700)


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and Wadsworth, JJ.)

This appeal involves a surety's challenge to the circuit court's denial of its motion to set aside bail forfeiture. We affirm.

Real Party in Interest-Appellant All in One Bonding (**All in One**) appeals from the June 25, 2024 "Order Denying Motion to Set Aside Bail Forfeiture, Reinstate Then Discharge Bond" (**Denial Order**), filed by the Circuit Court of the First Circuit (**Circuit Court**).[1]

---

[1] The Honorable Trish K. Morikawa presided.

On appeal, All in One contends the Circuit Court "abused its discretion when it failed to notice the Judgment and Order of Forfeiture of Bail Bond on February 10, 2022 [(**Forfeiture Judgment**)] as Defendant was already in State's custody and is void."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve All in One's point of error as follows.

On July 2, 2021, All in One posted a $30,000.00 bail bond on behalf of Defendant-Appellee Edward Deplae II (**Deplae**) in criminal case 1CPC-21-0000700. When Deplae failed to appear for a February 8, 2022 trial call, the circuit court issued a bench warrant for Deplae's arrest and ordered a forfeiture of his bail bond.[2]

On February 10, 2022, Deplae was arrested and taken into custody. Also on February 10, 2022, the circuit court entered its Forfeiture Judgment, and Plaintiff-Appellee State of Hawai'i (**State**) notified All in One via certified mail that Deplae's bail bond had been forfeited, and enclosed a copy of the Forfeiture Judgment. The proof of service shows the notice was delivered to All in One on February 16, 2022.

More than two years later, on April 30, 2024, All in One filed its "Motion to Set Aside Bail Forfeiture, Reinstate Then Discharge Bond" (**Motion**). All in One conceded that it had received the notice of forfeiture on February 16, 2022 and that it did not "timely" file the Motion under Hawaii Revised

---

[2] The Honorable Shirley M. Kawamura issued the bench warrant and entered the Forfeiture Judgment.

Statutes (**HRS**) § 804-51,[3] but argued "the Motion [was] certainly timely as Defendant was already in custody at the time of the bail forfeiture judgment filing."

The Circuit Court heard and orally denied the Motion on June 6, 2024.  The Circuit Court's June 25, 2024 Denial Order concluded it lacked jurisdiction because All in One's Motion "was filed untimely, more than thirty days after [All in One] received notice of the bail bond forfeiture by certified mail."

"[A] lower court's order denying relief from a judgment of bail bond forfeiture on grounds that a surety has not, as required by HRS § 804-51, shown 'good cause why execution should not issue upon the judgment' is reviewed for abuse of discretion."  State v. Flores, 88 Hawaiʻi 126, 130, 962 P.2d 1008, 1012 (App. 1998) (citing State v. Ranger Ins. Co. By & Through James Lindblad (A-1 Bail Bonds), 83 Hawaiʻi 118, 122-24, 925 P.2d 288, 292-94 (1996)).

"[O]nce a bond is forfeited pursuant to HRS § 804-51, a surety has thirty days from the time it receives notice of forfeiture to set aside the forfeiture judgment[.]"  State v. Vaimili, 131 Hawaiʻi 9, 15, 313 P.3d 698, 704 (2013).  Specifically, "the surety is given thirty days to file a motion showing good cause as to why the judgment should not be executed[.]"  Id.  After the "closing of the thirty-day window[,]" HRS § 804-51 does not permit the filing of any motion.  Ranger Ins. Co., 83 Hawaiʻi at 124 n.5, 925 P.2d at 294 n.5.  A circuit court is "without power to consider" a motion to

---

[3]    HRS § 804-51 (2014), provides for the immediate execution of bail bond forfeitures thirty days after the surety is given notice of the forfeiture, unless a timely motion is "filed with the court" "before the expiration of thirty days from the date notice is given to the surety . . . showing good cause why execution should not issue upon the judgment[.]"

set aside a forfeiture that is "not filed within the time limit imposed by HRS § 804-51[.]"  Id.

Here, All in One filed its Motion on April 30, 2024, more than two years after it had received notice of the Forfeiture Judgment on February 16, 2022.  The fact that Deplae was in custody during the thirty-day period following the notice of forfeiture did not excuse All in One from filing a timely motion to set aside pursuant to HRS § 804-51.  See State v. Clarkson, No. CAAP-13-0001075, 2016 WL 2940854, at *2 (Haw. App. May 10, 2016) (SDO) (holding that the circuit court lacked jurisdiction to consider a motion to set aside a forfeiture judgment that was filed after the expiration of the thirty-day deadline, even though the principal was back in custody before the deadline had passed).  All in One cites no authority supporting its argument that the Circuit Court should have exercised its "inherent power and authority to . . . 'promote [f]air process'" by striking the bail forfeiture order "*sua sponte*, as the Defendant was already in States [sic] custody." All in One presents no argument as to why the Circuit Court's refusal, under HRS § 804-51, to consider a motion to set aside filed more than thirty days after receipt of notice of forfeiture, constitutes an unfair process or abuse of discretion.  See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

We conclude the Circuit Court was within the scope of its discretion to deny All in One's Motion, and it correctly concluded it lacked the power to consider the untimely Motion. See Flores, 88 Hawaiʻi at 130, 962 P.2d at 1012; Clarkson, 2016 WL 2940854, at *2.

4

For the foregoing reasons, we affirm the Circuit Court of the First Circuit's June 25, 2024 Denial Order.

DATED:  Honolulu, Hawaiʻi, June 10, 2026.

On the briefs:

Anthony T. Fujii,
for Real Party in Interest-
Appellant.

Steve A. Bumanglag,
Deputy Attorney General,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge